IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHERRY RIDER, trustee of the Cherry Rider Family Trust and R.W. and CATHY LUCAS, co-trustees of the R.W. Lucas and Cathy Lucas Living Trust, individually and as representative plaintiffs on behalf of persons or concerns similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>OXY USA, INC.; MERIT ENERGY COMPANY, LLC; and MERIT HUGOTON, L.P.<br><br>　　　　　　　　　　Defendants. | **COMPLAINT – CLASS ACTION**<br><br>Case No. |

## CLASS ACTION COMPLAINT

Plaintiffs, by and through undersigned counsel, state and allege as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Cherry Rider, Trustee of the Cherry Rider Family Trust ("the Rider Trust"), owns mineral and royalty interests in lands located in the areal confines of the Kansas Hugoton Gas Field, burdened by oil and gas leases owned in whole or in part by defendant Merit Energy Company, LLC or defendant Merit Hugoton, L.P. Cherry Rider is a citizen of the state of New Mexico.

2. Plaintiffs R.W. and Cathy Lucas, Co-Trustees of the R.W. Lucas and Cathy Lucas Living Trust dated June 28, 2001 ("the Lucas Trust"), own mineral and royalty interests in lands located in the areal confines of the Kansas Hugoton Gas Field, burdened by oil and gas leases owned in

1

whole or in part by defendant Merit Energy Company, LLC or defendant Merit Hugoton, L.P. R.W. and Cathy Lucas are citizens of the state of Kansas.

3. Defendant OXY USA, Inc., ("OXY") is a Delaware corporation with its principal place of business in Houston, Texas. OXY may be served through its registered agent CT Corporation System at 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

4. Defendant Merit Energy Company, LLC, ("Merit Energy") is a Delaware limited liability company with its principal place of business in Dallas, Texas. Each of Merit Energy's members is a citizen of the state of Texas. Merit Energy may be served through its registered agent Corporation Service Company at 1100 SW Wanamaker Rd. Suite 103, Topeka, Kansas 66604.

5. Defendant Merit Hugoton, L.P. ("Merit Hugoton") is Delaware limited partnership with its principal place of business in Dallas, Texas. Merit Hugoton may be served through its registered agent Corporation Service Company at 1100 SW Wanamaker Rd. Suite 103, Topeka, Kansas 66604.

6. Merit Hugoton is an affiliate of Merit Energy.

7. Merit Energy has represented to the United States Court of Appeals for the Tenth Circuit that "[Merit Energy] now operates the oil and gas leases that are the subject of this appeal." The same oil and gas leases are at issue in this case.

8. OXY has represented to the Tenth Circuit in filed pleadings that Merit Energy is OXY's successor in interest with regard to the oil and gas leases at issue in this case.

9. This Court has jurisdiction over the parties and the subject matter of this case pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act) based on the following:

   a. The amount in controversy for the aggregated putative class members exceeds $5,000,000;

    b.  Minimum diversity, as required by 28 U.S.C. § 1332(d)(2)(A), exists between at least one member of the putative class and at least one defendant.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim and the oil and gas leases involved in this matter are located in Kansas.

## CLASS ACTION ALLEGATIONS

11. Plaintiffs, and the members of the putative Plaintiff Class, receive or have received monthly royalty payments from Defendant Merit Energy, Defendant Merit Hugoton, or some related or affiliated entity for hydrocarbons that have been produced in the Kansas Hugoton Gas Field.

12. Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of themselves and all other persons and entities similarly situated. The Plaintiff Class is described as follows:

> The class of persons or entities who were Participating Class Members in the class action settlement approved by the District Court of Stevens County, Kansas on March 4, 2008, in the case of *Opal Littell, et. al v. OXY USA, Inc.,* Case No. 98-CV-51, together with their successors, and who have received, or are entitled to receive, royalty payments from Merit Energy Company, LLC, Merit Hugoton LP, and/or any related or affiliated entity, at any time during the period of May 2014 to the present.

13. There are in excess of 1000 persons or entities in the putative Plaintiff Class defined above, and the Plaintiff Class is so numerous that joinder of all the members would be impracticable. The exact size of the Plaintiff Class and the identity of its members are ascertainable from the business records of Merit Energy and/or Merit Hugoton.

14. Questions of law and fact common to the Plaintiff Class exist that predominate over questions affecting only individual members of the Plaintiff Class. The following core questions of law/fact are common to the Plaintiff Class:

    a. Whether Merit Energy or Merit Hugoton has taken improper deductions for gathering charges in excess of $0.15/mmbtu;

    b. Whether Merit Energy or Merit Hugoton have breached the terms of the Settlement;

    c. Whether OXY has breached the terms of the Settlement;

These questions of fact or law are all common to the Plaintiff Class. These questions also predominate over other potential questions that may exist, if any, affecting individual members.

15. The claims asserted by Plaintiffs are typical of the claims of the members of the Plaintiff Class. The claims arise from the same course of conduct by OXY, Merit Energy, and Merit Hugoton, and the claims asserted by the Plaintiffs involve common legal theories and common factual issues for every class member.

16. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Plaintiff Class. Plaintiffs are experienced royalty owners and have no conflicts of interest with other class members. Plaintiffs have also retained counsel competent and experienced in representing royalty owners such as plaintiffs in class action litigation against producers with respect to the sufficiency of royalty payments.

17. A class action is superior to other methods for the fair and efficient adjudication of this controversy, because joinder of all members in impracticable and some holders of smaller royalty interests have potential recoveries that would not justify the cost of filing and prosecuting an individual lawsuit.

## BACKGROUND AND GENERAL ALLEGATIONS

18. A class action was originally filed on November 13, 1998, styled *Littell v. OXY USA, Inc.*, Case No. 98-CV-51 (Stevens County Kansas District Court) (hereinafter "the *Littell* Case").

19. On March 13, 2001, the Stevens County District Court certified the *Littell* Case as a class action under K.S.A. 60-223. The class was defined as:

> All persons or concerns owning mineral interests in lands located in the areal confines of the Kansas Hugoton Gas Field, burdened by oil and gas leases owned in whole or in part by defendant with respect to gas production from the above base of the Panoma-Council Grove Field, whose royalty payments have been reduced by a "gathering/compression" deduction or "marketing deduct" identified on the monthly gas revenue detail sent by defendant to each such member. Plaintiffs exclude from the plaintiff class the United States of America insofar as its mineral interests are managed by the Mineral Management Service but otherwise include the instrumentalities of the United States of America and federally chartered corporations, including, but not limited to, the Farm Credit Bank of Wichita and the Federal Land Bank.

20. The *Littell* Case was tried before the Honorable Tom R. Smith in the Stevens County District Court from March 31, 2003, to April 7, 2003.

21. In January 2007, the named plaintiffs and OXY entered into a Stipulation of Settlement ("Settlement"). The Settlement was thereafter approved by the Stevens County District Court at a fairness hearing on March 4, 2008, and the Journal Entry of Judgment ("Judgment") was entered by the court on the same day. (Journal Entry of Judgment, along with Exhibit A, Stipulation of Settlement [attached hereto as Exhibit 1]).

22. Those *Littell* Class Members who did not opt out and thereby elected to participate in the Settlement and agreed to be bound by its terms, were identified in the Settlement as the "Participating Class Members."

23. "Participating Class Members" is defined in the Settlement, Section 1.19, page 7, as "all Class Members who do not exclude themselves as provided for in the Notice Order."

24. Cherry Rider, as trustee of the Rider Trust, is a Participating Class Member in the *Littell*

Case. She remains a named plaintiff and class representative in that case and is also willing to continue to serve in that capacity in this class action lawsuit. In her capacity as a trustee, she has continued to receive royalty payments from OXY, and then from Merit Energy, Merit Hugoton, or a related entity.

25. R.W. Lucas was and remains a Participating Class Member in the *Littell* Case, having elected to participate in the Settlement and not opt out.

26. R.W. and Cathy Lucas are the co-Trustees of the Lucas Trust, which is the successor in interest to R.W. Lucas with respect to certain real property in Haskell County, Kansas, that was (and is) subject to an oil and gas lease held by OXY at the time of *Littell* case.

27. Notwithstanding the transfer by R.W. Lucas of his property to the Lucas Trust, he has continued to receive royalty payments from OXY and then from Merit Energy, Merit Hugoton, or some related entity, which are made payable to him personally, but which are received and treated as assets of said trust.

28. Several years after OXY entered the Settlement, in or around May 2014, Merit Hugoton or Merit Energy acquired OXY's assets in the Kansas Hugoton Field subject to the obligations of the Settlement and the Judgment and took over operation of OXY's leases.

29. Since May 2014, Participating Class Members (and their successors) have received royalty payments from Merit Energy, or Merit Hugoton, or a related entity.

30. The Participating Class Members, together with OXY, Merit Energy, and/or Merit Hugoton, are required to comply with the terms of the Settlement.

31. Section 7.3 of the Settlement provides:

> This Stipulation shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors, assigns, executors, administrators, heirs and legal representatives, and upon any corporation or other entity into or with which any party hereto may hereafter merge, combine or consolidate, as the case may be;

provided however, that no assignment by any party shall operate to relieve such party of any obligations hereunder.

32. In Section 2.6 of the Settlement, the parties expressly agreed to limit and restrict the amount and type of expenses that OXY could deduct from its royalty payments.

33. Section 2.6 of the Settlement defines the permissible deductions as follows:

> It is the intent of the parties hereto that the royalty payments received by members of the Plaintiff Class or their successors in interest with respect to gas produced on or after July 1, 2008, *shall not be diminished or reduced by any charge other than fifteen cents per mmbtu ($0.15/mmbtu) for Gathering Charges*, taxes owed by them or the actual cost of transporting such gas on a transmission pipeline.

(emphasis added).

34. As defined by the Settlement in Section 1.10, "Gathering Charges" means:

> all charges, expenses or assessments, including fuels, associated with any and all activities occurring between the wellhead of any well producing gas that is subject to a royalty interest owned by a member of the Plaintiff Class and the inlet to any mainline transmission facility, including but not limited to any facilities owned by Northern Natural Gas, Panhandle Eastern Pipeline Company, Kansas Power and Light, and/or their predecessors. Gathering Charges include, but are not limited to, compression and dehydration, regardless of (1) whether such activities occurred on or off the leased premises, (2) what entity provided such services or how it is paid for, and (3) where or how title to the gas is transferred.

35. Once Merit Energy or Merit Hugoton took over OXY's leases in May 2014, Merit Energy or Merit Hugoton began taking improper deductions in excess of the amount of deductions permitted under Section 2.6 of the Settlement.

### PLAINTIFFS' ENFORCEMENT ACTION AGAINST MERIT ENERGY

36. On April 27, 2023, Plaintiffs filed a "Motion to Enforce Court's Journal Entry of Judgment and Settlement Agreement Against Merit Energy Company, LLC, as Successor in Interest to Defendant OXY USA, Inc." in the *Littell* Case in Stevens County, Kansas.

37. Merit Energy filed a notice of removal to remove that case to this Court on May 26, 2023, Case No. 23-CV-1103 (D. Kan. 2023).

38. Thereafter, Plaintiffs filed a Motion to Remand, which the Hon. Holly L. Teeter granted on August 22, 2023.

39. Plaintiffs then filed a renewed Motion to Enforce against Merit Energy in Stevens County, Kansas.

40. Merit Energy principally contended that the Judgment had become dormant and filed a motion to dismiss on that basis.

41. On December 5, 2023, the Stevens County District Court dismissed Plaintiffs' claim to enforce the Judgment, finding that the Judgment was dormant under Kansas law.

42. On December 13, 2023, Plaintiffs filed a Notice of Appeal to the Kansas Court of Appeals, appealing from these rulings of the Stevens County District Court.

### FIRST CLAIM FOR RELIEF
### (against Merit Energy and Merit Hugoton)

43. A valid contract existed between Plaintiffs and the putative Plaintiff Class on the one hand, and OXY on the other.

44. The Settlement required OXY to, among other things, limit and restrict the amount and type of expenses that OXY could deduct from its royalty payments.

45. The Settlement is binding on OXY's successors and assigns.

46. Merit Energy and/or Merit Hugoton is a successor and/or an assign of OXY with respect to the rights and obligations contained in the Settlement and is bound thereby.

47. Merit Energy and/or Merit Hugoton has breached Section 2.6 of the Settlement by taking improper deductions (other than those for taxes and transportation) in excess of $0.15/mmbtu.

48. Merit Energy and/or Merit Hugoton continues to take improper deductions in excess of $0.15/mmbtu from its royalty payments to the Plaintiff Class.

49. As a result of Merit Energy and/or Merit Hugoton's ongoing breach, Plaintiffs and the

Plaintiff Class have incurred substantial damages.

## SECOND CLAIM FOR RELIEF
### (against OXY)

50. A valid contract existed between Plaintiffs and the Plaintiff Class on the one hand, and OXY on the other.

51. The Settlement required OXY to, among other things, limit and restrict the amount and type of expenses that OXY could deduct from its royalty payments.

52. Section 7.3 of the Settlement provided that no assignment by OXY shall operate to relieve OXY of any obligations under the Settlement.

53. Merit Energy and/or Merit Hugoton, as successor or assigns of Oxy, have breached Section 2.6 of the Settlement by taking improper deductions (other than those for taxes and transportation) in excess of $0.15/mmbtu.

54. Merit Energy and/or Merit Hugoton continue to take improper deductions in excess of $0.15/mmbtu from its royalty payments to the Participating Class Members.

55. During the recent proceedings to enforce the *Littell* Judgment in Stevens County, Kansas, Merit Energy denied that it was bound by the Judgment or the Settlement.

56. OXY has breached the Settlement by failing to meet its obligations under the Settlement to ensure that the Participating Class Members in the *Littell* Case and their successors are paid royalties in accordance with the Settlement.

57. As a result of OXY's breach, Plaintiffs and the Plaintiff Class have incurred substantial damages.

## REQUEST OF RELIEF

WHEREFORE, Plaintiffs request that:

1. This Court enter appropriate orders certifying the above-described Plaintiff Class;

2. This Court determine that one or more of the Defendants are liable for underpayment of royalties in the manner alleged above;

3. This Court order Defendants Merit Energy and/or Merit Hugoton to provide corrected royalty payment accountings under the supervision of the Court;

4. This Court enter judgment against one or more of the Defendants for an award of damages to Plaintiffs and the Plaintiff Class in the amounts proven at trial and/or revealed by such accountings, together with costs and interest at the highest rate provided by law;

5. This Court award the Plaintiffs and the Plaintiff Class such other and further relief as the Court may deem just and proper.

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff, pursuant to D. Kan. R. 40.2(a) designates Wichita, Kansas as the place of trial.

Respectfully submitted,

**/s/ David G. Seely**
David G. Seely, S.C. #11397
Ryan K. Meyer, S.C. #24340
Emily K. Arida, S.C. #28973
FLEESON, GOOING, COULSON & KITCH, L.L.C.
301 N. Main, Ste. 1900
Wichita, Kansas 67201
T: (316) 267-7361 | F: (316) 267-1754
dseely@fleeson.com
rmeyer@fleeson.com
earida@fleeson.com

　-and-

**/s/Erick E. Nordling**
Erick E. Nordling, S.C. #12302
KRAMER, NORDLING & NORDLING, LLC

                                                209 E. 6th St.
                                                Hugoton, Kansas 67951
                                                T: 316-544-4333
                                                erick.nordling@nordlinglaw.com

*Attorneys for Plaintiffs and the Putative Plaintiff Class*