IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHERRY RIDER, trustee of the Cherry Rider Family Trust, R.W. and CATHY LUCAS, Co-trustees of the R.W. Lucas and Cathy Lucas Living Trust, individually and as representative plaintiffs on behalf of persons or concerns similarly situated,

Plaintiffs,

v.

OXY USA, INC.; MERIT ENERGY COMPANY, LLC; and MERIT HUGOTON, L.P.,

Defendants.

Case No. 23-cv-1274-AWM-JBW

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Continue Stay Pending Resolution of Petition for Writ of Certiorari (Dkt. 125). Defendants ask the Court to continue the stay of this case to allow Defendants to seek review by the U.S. Supreme Court and to "maintain the stay during the pendency of any petition for a writ of certiorari and, if certiorari is granted, until the Supreme Court renders its final decision." Plaintiffs filed a response opposing the motion (Dkt. 127) in which they request the Court proceed to certify the plaintiff class in accordance with the Tenth Circuit's opinion and mandate and schedule a status conference to discuss the merits discovery phase of this case. As explained below, the Court denies Defendants' motion to continue the stay.

## I. Procedural Background[1]

On June 18, 2025, the Court denied Plaintiffs' motion for class certification (Dkt. 110). Plaintiffs filed a petition for permission to appeal the denial of class certification under Rule 23(f), which the Tenth Circuit granted on August 13, 2025 (Dkt. 114). The parties then advised the Court of that order and their agreement that this case should be stayed pending the appeal. On August 19, 2025, the Court entered a text Order (Dkt. 117) staying the case while the appeal was pending. The order required the parties to email the Magistrate Judge's chambers to reschedule the status conference within fourteen days after the appeal concludes.

On May 5, 2026, the Tenth Circuit reversed the denial of class certification and remanded with instructions to certify a class consistent with the opinion (Dkt. 124). On July 10, 2026, the Tenth Circuit denied Defendants' petition for rehearing. On July 28, 2026, Defendants filed their motion to continue the stay of this case pending their petition to the Supreme Court for writ of certiorari. On July 31, 2026, Plaintiffs emailed the Magistrate Judge's chambers requesting to set reschedule the status conference. On September 9, 2026, Defendants filed a Notice (Dkt. 129) that their deadline to file their petition for a writ of certiorari had been extended to November 6, 2026.

## II. Summary of Parties' Positions

Plaintiffs argue this Court does not have jurisdiction under 28 U.S.C. § 2101(f) to stay the case during the pendency of Defendants' petition to the Supreme Court for writ of certiorari. They argue that any power to stay this case pursuant to 28 U.S.C. § 2101(f) now lies exclusively with the Tenth Circuit Court of Appeals or the Supreme Court. Defendants agree with Plaintiffs that it

[1] The background facts of this case are set forth in more detail in *Rider, Trustee of Cherry Rider Fam. Tr. v. OXY USA, Inc.*, 175 F.4th 1214, 1220–22 (10th Cir. 2026).

is settled law that the district court cannot stay the execution or enforcement of the Tenth Circuit's specific judgment, but argue it is equally settled that the district court retains inherent authority to manage its own docket, including the authority to stay further proceedings during the pendency of a certiorari petition. Defendants clarify in their Reply (Dkt. 128) that they do not seek to stay the Tenth Circuit's mandate to enter a class certification order, though they argue the timing is within the Court's discretion. Defendants state they seek only a stay of further proceedings in this Court, including class notice, entry of a discovery schedule for class-wide merits discovery, pretrial briefing, and potentially trial as a class action.

## III. Law Regarding Requests for Stays Pending the Filing of a Petition for Writ of Certiorari

Generally, whether to stay litigation is within the district court's inherent power to control its docket and rests in its sound discretion.[2] However, a party's request for a stay pending review of an appellate court's judgment by the Supreme Court on writ of certiorari is governed by 28 U.S.C. § 2101(f), which provides:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. **The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court,** and may be conditioned on the giving of security, approved by such judge or justice, that if the aggrieved party fails to make application for such writ within the period allotted therefor, or fails to obtain an order granting his application, or fails to make his plea good in the Supreme Court, he shall answer for all damages and costs which the other party may sustain by reason of the stay.[3]

---

[2] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir.1963).

[3] U.S.C. § 2101(f) (emph. added).

Courts in this district have uniformly interpreted Section 2101(f) to mean only the court of appeals or a justice of the Supreme Court can stay the *execution or enforcement* of the appellate court's judgment during the pendency of a petition to the Supreme Court for writ of certiorari.[4] The case law is less clear regarding the extent of the district court's inherent authority to manage its docket and whether the district court lacks authority under Section 2101(f) to stay pretrial proceedings short of staying the execution or enforcement of the appellate court's judgment.[5]

## IV. Ruling on Defendants' Motion to Continue Stay

The law is clear that under 28 U.S.C. § 2101(f) this Court lacks the authority to stay execution or enforcement of the Tenth Circuit's mandate. However, the Court does not interpret that statute as limiting the Court's inherent authority to stay other aspects of the case that would not delay or postpone execution or enforcement of the mandate. To the extent the Court has the authority to stay further pretrial proceedings under its inherent authority—including class notice, entry of a discovery schedule for Phase II class-wide merits discovery, pretrial briefing, and potentially trial as a class action—the Court denies Defendants' request to stay these pretrial

---

[4] *Myers v. Brewer*, No. 17-2682-CM, 2019 WL 4736946, at *1 (D. Kan. Sept. 27, 2019); *Sprint Communications Co., L.P. v. Time Warner Cable, Inc*., No. 11-2686-JWL, 2019 WL 3532063, at *2 (D. Kan. Aug. 2, 2019); *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd.*, No. 12-2350-SAC, 2018 WL 2020543, at *2 (D. Kan. May 1, 2018); *Brinkman v. Dep't of Corr. of State of Kan.*, 857 F. Supp. 775, 777 (D. Kan. 1994).

[5] *See Black & Veatch Corp.*, 2018 WL 2020543, at *2 ("Entering a scheduling order for the submission of new cross-motions for summary judgment that accounts for their filing and the pendency of a petition for writ of certiorari does not contravene the Tenth Circuit's mandate or 28 U.S.C. § 2101(f)."); *Harte v. Bd. of Comm'rs of the Cnty. of Johnson Cnty., Kan.,* No. 13-2586-JWL, 2017 WL 4697506, at *3 (D. Kan. Oct. 19, 2017) ("[T]he court agrees with the defendants that the court, without deviating from the Circuit's mandate, has the inherent authority to manage its trial docket and to schedule the trial of this case at its discretion—even if that trial setting occurred after resolution of the defendants' anticipated certiorari petition.").

proceedings. The Court finds that staying these pretrial proceedings would, in practice, operate to delay and postpone the Tenth Circuit's directive to certify a class consistent with its opinion. This order does not preclude Defendants from requesting a stay from either the Tenth Circuit or the Supreme Court under 28 U.S.C. § 2101(f).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Continue Stay Pending Resolution of Petition for Writ of Certiorari (Dkt. 125) is **DENIED**.

**IT IS FURTHER ORDERED** that a Status Conference is set for **October 15, 2026 at 11:00 A.M. (Central Time**) by Zoom Video Conference. Chambers will email counsel of record the Zoom link and instructions a couple business days prior to the conference. **By October 8, 2026**, the parties shall confer and email to chambers either (a) their jointly proposed Phase II Scheduling Order or (b) their respective positions regarding how this case should proceed.

IT IS SO ORDERED.

Dated September 23, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge